IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL STEPHENSON,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-00173<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

### I. INTRODUCTION

This matter was referred to Magistrate Judge Dustin B. Pead by District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(B) (doc. 6). The following motions are currently pending: (1) Plaintiff Paul Stephenson's ("Mr. Stephenson") "Motion For A Court Order To Release The FBI File Under My Name To Me" (doc. 13); and (2) Defendant Federal Bureau of Investigation's (the "FBI") Motion For Summary Judgment (doc. 14).

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

### II. BACKGROUND[1]

On July 23, 2014, Mr. Stephenson submitted a written Freedom Of Information/Privacy

---

[1] Mr. Stephenson does not challenge the procedural history of the case as set forth in Defendant's motion for summary judgment, and consequently the court considers it as undisputed for purposes of this ruling (doc. 14); Declaration of Dennis J. Argall (doc. 14-1).

Act ("FOIA") request to the FBI seeking the "Release of FBI File under My Name" (doc. 14-1, Exhibit A).[2]  On August 22, 2014, the FBI informed Mr. Stephenson it was "unable to identify main file records responsive to the FOIA" and advised him of his right to appeal (*Id.,* Exhibit E).

On September 26, 2014, Mr. Stephenson lodged a timely appeal with the Department of Justice, Office of Information Policy (*Id.,* Exhibit F, Exhibit G).  The appeal, however, was denied based upon a determination that, "the FBI's action was correct" and "an adequate, [and] reasonable search for such records" was conducted (*Id.*, Exhibit H).

Thereafter, on April 24, 2015, Mr. Stephenson filed his current federal FOIA action seeking the "non-release of File under my name per notarized request and appeal No. AP-2014094865, per request No. 1284273" pursuant to 5 U.S.C. § 552(a)(4)(B) (doc. 3).  Attached to Mr. Stephenson's complaint is a copy of the FBI's letter denying his appeal and a statement entitled "The Cure for AIDS" requesting arbitration with the United States in order to "allow the release for the cure to AIDS without delay" (*Id.*).

After Mr. Stephenson filed his FOIA complaint, the FBI engaged in another search of the indices to the Central Records System.  While this search did not identify any main file investigative records, it did identify "FBI administrative files associated with [Mr. Stephenson's] past civil litigations and FOIA requests" (*Id.,* Exhibit I).  Mr. Stephenson was notified and informed the FBI that he would like the administrative files processed for release (*Id.)*.

---

[2] Several days later, the FBI issued a letter indicating it received Mr. Stephenson's request but needed additional information from him in order "to conduct an accurate search of the Central Records System" (*Id.*, Exhibit B).  Thereafter, on August 5, 2014, Mr. Stephenson submitted additional information including both his date of birth and place of birth (*Id.*, Exhibit C).  In response, the FBI sent Mr. Stephenson a second letter, dated August 12, 2014, acknowledging receipt of the identifying information and advising him that the FBI was utilizing the information to engage in a search for documents responsive to his request (*Id.*, Exhibit D).

Thereafter, on June 30, 2015, the FBI informed Mr. Stephenson that in addition to the administrative records, two additional sets of records responsive to his FOIA request had been discovered.[3]

On August 31, 2015, the FBI made its first interim release of records from the main investigative files to Mr. Stephenson.  As part of the first release, the FBI reviewed five hundred fifty-six (556) pages of records (*Id.*, Exhibit M).  Two hundred ninety-nine (299) pages were released in part, with certain specific information withheld pursuant to the Privacy Act and FOIA Exemptions under 5 U.S.C. § 552(b)(6) and (b)(7)(E) (*Id.*).  Approximately a month later, the FBI made its second, and final, interim release of records to Mr. Stephenson.  As part of the second release, five hundred fifty-nine (559) pages of records were reviewed with two hundred twenty-two (222) pages released in part subject to certain withholdings under the Privacy Act and FOIA Exemptions 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E) (*Id.*, Exhibit N).  Mr. Stephenson was advised of his right to appeal any denials or withholdings under the releases, but did not do so.

On September 18, 2015 Mr. Stephenson filed his currently pending "Motion For A Court Order To Release The FBI File Under My Name To Me" (doc. 13), and on October 8, 2015, the FBI filed a "Motion For Summary Judgment" (docs. 14, 23).  Mr. Stephenson filed three separate objections to summary judgment, none of which address the substance of the FBI's underlying

---

[3]The additional documents included two sets of records.  The initial set of records comprised approximately twenty-five (25) pages and was processed for Mr. Stephenson without additional duplication fees.  However, after a reasonable search, the FBI was unable to locate the second set of records as it was not in its expected location (*Id.*, Exhibit L).  Mr. Stephenson was informed of his right to appeal this determination with the Department of Justice, Office of Information Policy (*Id.*).

motion (docs. 16, 19, 22).[3]

### III. DEFENDANT FBI'S MOTION FOR SUMMARY JUDGMENT

The FBI moves for summary judgment asserting it conducted a reasonable search for the requested information and therefore Mr. Stephenson's FOIA request is moot.

**A. Standard Of Review**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Under FOIA, summary judgment is available to the defendant "when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in a light most favorable to the FOIA requester." *Miller v. United States Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985) (*citing, Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983).

In the FOIA context, an agency is entitled to summary judgment if it demonstrates the "search was reasonably calculated to uncover all relevant documents." *Schwarz v. FBI*, 1998 U.S. App. LEXIS 23226 * 4 (10th Cir. Utah Sept. 17, 1998) (unpublished). The initial burden is placed upon the agency to establish the reasonableness of its search. *See Patterson v. IRS,* 56 F.3d 832, 840 (7th Cir. 1995).

---

[3]The only challenge mounted by Mr. Stephenson is an "[o]bjection to limiting case to summary judgment because the Act of Summary Judgement only closes the case to be later reopened for Release through the Freedom of Information Act, which is a legal right" (doc. 22).

### B. Reasonable Efforts Under FOIA

As a disclosure statute, FOIA is designed to facilitate the public's access to a government agency's documents. *Campaign for Responsible Transplantation v. FDA,* 511 F.3d 187, 190 (D.C. Cir. 2007) (*citing, Dep't. of State v. Ray*, 502 U.S. 164, 173 (1991). As a general rule, individuals seeking information under FOIA are entitled to copies of an agency's records after "making a request that 'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. FBI*, 572 F.3d 794, 797 (10th Cir. 2009) (*quoting,* 5 U.S.C. § 552(a)(3)(A)(i)).

The Act does not provide specific instruction on the extent to which an agency must search for documents. It does, however, require a responding agency to:

> make *reasonable efforts* to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system.

5 U.S.C. § 552(a)(3)(C). Consistent with other courts, the Tenth Circuit concludes that a "reasonableness rule" provides a "realistic interpretation" of Congress' intent under FOIA. *Trentadue*, 572 at 797 (10th Cir. 2009). Significantly, under the rule it is not the outcome of an agency's search that is determinative of reasonableness. Rather, the court's inquiry focuses on the adequacy of the agency's search in the context of the specific case in which it is raised. *Id. (citing, Weisberg v. Dep't. of Justice,* 705 F.2d 1344, 1351 (D.C. Cir. 1983) ("The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was [in fact] adequate[,] . . . [which is determined under] a standard of reasonableness, and is dependent upon the circumstances of the case.").

Application of a reasonableness standard in the context of a motion for summary judgment requires the agency to establish it has made "reasonable efforts to search" for the requested records. *See* 5 U.S.C. § 552(a)(3)(C). In discharging this burden, an agency may rely upon affidavits or declarations providing detail on the reasonableness of the search employed. *See Bennett v. DEA*, 55 F. Supp. 2d 36, 39 (D.D.C. 1999) (citation omitted); *Nation Magazine, Washington Bureau v. United States Customs Serv.,* 315 U.S. App. D. C. 177, 71 F.3d 885, 890 (D.C. Cir. 1995) ("To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate.").

**C. Application**

In this case, the FBI explains the reasonableness of its search efforts in the Declaration of Dennis Argall, Assistant Section Chief of the Record/Information Dissemination Section of the FBI's Records Management Division (doc. 14-1). As detailed in Mr. Argall's Declaration, the search efforts employed by the FBI in response to Mr. Stephenson's FOIA request included electronic searches of the Central Records System[4] ("CRS") (both headquarters and field office records) utilizing three separate search mechanisms: the UNI application of ACS, a Sentinel index and a search of the index cards in the manual indices. *Id.* The FBI's utilization of electronic searches, manual searches and cross referencing ultimately resulted in the "production

---

[4]The Central Records System "is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attache Offices ("Legats") worldwide (doc. 14-1, p. 4).

of over 500 pages of administrative documents to [Mr. Stephenson], consisting primarily of his many prior FOIA requests to the FBI and the litigation that he has earlier filed concerning such earlier requests" (doc. 14, p. 5).[5] The searches included records held at FBI field headquarters in addition to records held at FBI field offices in both Salt Lake City, Utah and Phoenix, Arizona (doc. 14).

Given Mr. Argall's Declaration, the burden shifts to Mr. Stephenson, as the non-moving party, to provide evidence contradicting the adequacy of the FBI's search or showing bad faith on the part of the agency. *See Miller,* 779 at 1384 (8th Cir. 1985). Mr. Stephenson does not dispute the adequacy of the FBI's search or assert bad faith on the part of the agency and Mr. Argall's

---

[5]In his Declaration Mr. Argall indicates the FBI processed one thousand one hundred fifteen (1115) pages responsive to Mr. Stephenson's requests. Of those documents, five hundred and twenty-one (521) pages were released in full or in part to Mr. Stephenson and five hundred sixty-eight (568) were withheld in full pursuant to Privacy Act Exemption (k)(2) and FOIA Exemptions 5 U.S.C. § 552(b)(5), (b)(6) (b)(7)(C), (b)(7)(D) and (b)(7)(E) (doc. 14-1, p. 2) (doc. 14-1, Exhibit M and Exhibit N). *See* 5 U.S.C.§ 552 (b)(5) (excluding "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"); 5 U.S.C. § 552 (b)(6) (excluding "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); 5 U.S.C. § 552 (b)(7)(C) (excluding "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (C) could reasonably be expected to constitute an unwarranted invation of personal privacy"); 5 U.S.C. § 552 (b)(7)(D) (excluding "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (D) could reasonably be expected to disclose the identity of confidential source . . . or any private institution which furnished information on a confidential basis. . . .); and U.S.C. § 552(b)(7)(E) (excluding "records or information complied for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law").
Mr. Stephenson has not challenged any of the above listed withholdings or exemptions invoked by the FBI.

Declaration stands without contradiction.

While he does not challenge the adequacy of the FBI's search, Mr. Stephenson does provide a list of "new" items he seeks to include in his FOIA request.[6] These items, however, were not part of Mr. Stephenson's original FOIA request or of his subsequent appeals which only sought the "release of FBI File under my name" (doc. 14-1, Exhibit A), and the court finds that reasonable search efforts by the FBI do "not entail an obligation to search anew based upon a subsequent clarification[;]. . . requiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests." *Kowalczyk v. Dep't. of Justice,* 315 U.S. App. D. C. 286, 73 F.3d 386, 388 (D.C. Cir. 1996).

Upon review, the court concludes that the FBI's search was reasonable and properly tailored to Mr. Stephenson's requests. *See Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986) ("[A] [FOIA] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request."). The FBI's failure to discover a specific document sought does not undermine the court's finding that the agency's search was reasonable. *Western Center For Journalism v. I.R.S.,* 116 F. Supp. 2d 1, 10 (D.D.C. 2000) ("summary judgment will not be defeated by an unsuccessful search for the document, so long as the search was diligent."). Mr. Argall's Declaration sufficiently details a search likely to find

---

[6]New document requests sought by Mr. Stephenson include: the "Galactic Government Satellites used. . . to instantly dehydrate in my defense," "the will from Nostradamus which is to me have been operated as a trust," "[t]he book which was translated into English which was created in the 1800's was sealed with a wax stamp and remains unpublished," "[t]he Public Service Announcement to locate me which I [sic] was found in 1981 in Phoenix, AZ." and "[t]he Will to me by a man which lived on the corner of Hillsdale St and River St in Hillsdale, Michigan (doc. 19, doc. 22).

responsive materials and supports the conclusion that the FBI has effectively exhausted all reasonable measures to search for and produce the information sought.

Accordingly, for the reasons set forth herein, the court finds that the FBI is entitled to summary judgment and Mr. Stephenson's request is moot. The mootness doctrine applies under FOIA in circumstances where the agency produces all documents requested, *Anderson v. United States Dept. Of Health & Human Servs.,* 821 F.3d 1383, 1384 (10th Cir. 1993), or where an agency determines that it does not have documents responsive to a plaintiff's request. *See Wichlacz v. United States Dep't of Interior*, 938 F. Supp. 325, 329 n. 1. (E.D. Va. 1996). Here, all relevant documents were produced to Mr. Stephenson and the court cannot order the disclosure of additional documents which do not exist or were not located by the FBI through its reasonably tailored search.

For the reasons stated, the court recommends to the District Court that Defendant FBI's motion for summary judgment be GRANTED (doc. 14).

## IV.    PLAINTIFF'S MOTION TO RELEASE FILE

Mr. Stephenson's pending "Motion For A Court Order To Release The FBI File Under My Name To Me" seeks this court's authority "to participate in an out of court settlement to release the file" (doc. 13).

Based upon the court's conclusion that the FBI's search of documents, in response to Mr. Stephenson's FOIA request, was reasonable the issue is moot and the court recommends to the District Court that Mr. Stephenson's motion be denied on those grounds.

## V.  RECOMMENDATION

For the reasons set forth herein, the court recommends to the District Court:

1. Defendant FBI's Motion For Summary Judgment be GRANTED (doc. 14), and

2. Plaintiff Mr. Stephenson's Motion To Release FBI File be DENIED as moot (doc. 13).

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within 14 days after being served with a copy.[7]

Any failure to object may constitute a waiver of objections upon subsequent review.

DATED this 20th day of January, 2016.

_____
Dustin Pead
Federal Magistrate Judge

---

[7] *See,* Fed. R. Civ. P. 72(b)(2).