IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| PAUL STEPHENSON,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>          Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00173-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin Pead |

This case was referred to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 626(b)(1)(B). The following motions are before the court: (1) Plaintiff Paul Stephenson's Motion For A Court Order To Release The FBI File Under My Name To Me;[1] (2) Defendant Federal Bureau of Investigation's Motion for Summary Judgment;[2] and (3) Defendant's Motion for Order Restricting Plaintiff's Ability to File Any New Pro Se Actions Similar to This.[3]

Judge Pead issued a Report and Recommendation on January 20, 2016, recommending that the court deny Mr. Stephenson's motion as moot because the FBI had undertaken a reasonable search in response to Mr. Stephenson's FOIA request.[4] Judge Pead also recommended that the court grant the FBI's Motion for Summary Judgment.[5] In a second Report

---

[1] Dkt. 13.

[2] Dkt. 14.

[3] Dkt. 21.

[4] Dkt. 24.

[5] *Id.*

1

and Recommendation, Judge Pead recommended the court grant Defendant's Motion for Permanent Injunction and that Mr. Stephenson be placed on the court's restricted filer list.[6] Before issuing this Report and Recommendation, on January 22, 2016, Judge Pead entered an Order to Show Cause directing Mr. Stephenson to show why the court should not place restrictions on his filings in the United States District Court for the District of Utah.[7] Mr. Stephenson did not file a response to the show cause order in the time allotted and Judge Pead issued the Report and Recommendation recommending that the court grant Defendant's motion.

Neither party submitted an objection to either Report and Recommendation within the time allotted.[8] In the absence of an objection, the court may apply a "clearly erroneous" standard of review when evaluating a Report and Recommendation. Under this standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[9]

---

[6] Dkt. 27.

[7] Dkt. 25.

[8] *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)–(c) (allowing parties fourteen days to file an objection to a report and recommendation from a magistrate judge). On February 8, 2016, Mr. Stephenson filed an "Objection: To limiting the case to summary judgment from the substance for the case aids cure and millions." (Dkt. 26) The court does not consider this an objection to the Report and Recommendation. The objection does not reference the Report and Recommendation at all but instead provides a list of items that the Plaintiff would like from the FBI file. To the extent that this filing could be considered an objection to the Report and Recommendation, it fails under Rule 72(b)(2) of the Federal Rules of Civil Procedure, which requires "specific written objections to proposed findings and recommendations." *See Williams v. Woodhull Med. & Health Center*, 891 F. Supp. 2d 301, 310 (S.D.N.Y. 2012) (noting that although "objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest argument they suggest," the objection must still comply with Rule 72(b)'s specific written objection requirement (internal quotation marks omitted)). Also, this objection was filed more than fourteen days after Judge Pead's January 20th Report and Recommendation and thus was untimely.

[9] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (internal quotation marks and citations omitted).

After reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Pead did not clearly err in his analysis.  The court therefore ADOPTS the Recommendations and ORDERS that Mr. Stephenson's Motion To Release FBI File is DENIED as moot (Dkt. 13); the FBI's Motion for Summary Judgment is GRANTED (Dkt. 14); and the FBI's Motion for Permanent Injunction and Memorandum in Support to Declare Plaintiff a Restricted Filer is GRANTED (Dkt. 21).  The Clerk of Court is directed to close the case and place Mr. Stephenson on the restricted filer list with the restrictions detailed in Judge Pead's Report and Recommendation.  (Dkt. 27, p. 1).

SO ORDERED this 8th day of March, 2016.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge